**In the Matter of Glenn R. MOODY, Jr.**

No. 577S345.

Supreme Court of Indiana.

Dec. 18, 1981.

Kevin McGoff, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

This disciplinary action is before the Court on a six-count complaint brought by the Disciplinary Commission of this Court pursuant to Admission and Disciplinary Rule 23, Section 12. As provided for by this Rule, a Hearing Officer was appointed and a hearing was scheduled. Although he received notice, Respondent did not appear at such hearing as finally scheduled. The Hearing Officer, after being advised by counsel for Respondent that Respondent was aware of the scheduled hearing and counsel's petition to withdraw, allowed counsel to withdraw and properly held the hearing. The Hearing Officer has now tendered to this Court Findings of Fact and Conclusions of Law. Neither party has petitioned for review. We further note that, pursuant to a prior order of this Court, Respondent has been suspended from the practice of law pending the final determination of this cause.

Under Count I, Respondent is charged with neglecting a legal matter entrusted to him, intentionally failing to seek the lawful objectives of his client, intentionally failing to carry out a contract of employment for professional services, and intentionally damaging his client during the course of the professional relationship, in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(1), (2), and (3) of the *Code of Professional Professional Responsibility.*

We have examined the matters relative to this charge and conclude that the evidence is insufficient to prove misconduct as charged.

In Count II, Respondent is charged with engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation and conduct prejudicial to the administration of justice, in violation of Disciplinary Rules 1–102(A)(4) and (5).

Under the charges of Count II of the Complaint we find that in March, 1972, an action captioned *William M. Scott v. Glenn R. Moody*, Cause No. 72–C–36, was filed against Respondent in the Scott Circuit Court. The complaint alleged that Respondent failed to pay office rent and also asked for damages in the amount of $350.00. On April 18, 1972, Respondent filed a "Motion to Transfer", alleging, among other things, that preferred venue was in Porter County. On May 12, 1972, the Scott Circuit Court found that proper jurisdiction was in Porter Circuit Court and ordered the cause transferred; it was docketed as Cause No. 72 PSC 942. By a letter of July 3, 1972, Plaintiff submitted to the Porter Circuit Court a prepared "Judgment" finding defendant in default. The Court entered default on July 7, 1972.

Proceedings supplemental were initiated on October 6, 1972, and the Court issued a

Rule to Show Cause for Respondent's failure to answer interrogatories. Donald Rice, attorney for Plaintiff, in an attempt to settle the matter, presented Respondent with a promissory note for $350.00. Respondent signed said note on March 8, 1973, claiming it to be invalid and having no intention to honor it. As a result of Respondent's signing the note, Cause No. 72 PSC 942 was dismissed by plaintiff. Respondent did not pay the note and on December 13, 1973, suit was filed in LaPorte Superior Court alleging that the note had become due and had not been paid. On March 1, 1973, plaintiff's Motion to Default was granted.

This Court now finds that the acts of Respondent as set out above constitute professional misconduct as charged under Count II of the complaint filed in this cause.

Under Count III Respondent is charged with engaging in conduct prejudicial to the administration of justice which adversely reflects on his fitness to practice law and, in an adversary proceeding, communicating with a judge as to the merits of the cause then pending before the judge, in violation of Disciplinary Rules 1–102(A)(5) and (6) and 7–110(B) of the *Code of Professional Responsibility.*

Our findings under Count III relate to the above noted findings under Count II. After default judgment was entered against Respondent on July 7, 1972, in the case of *Scott v. Moody* in the Porter Circuit Court, Respondent sent a letter to Judge Alfred J. Pivarnik, who was then presiding over the case. The letter read:

PERSONAL AND CONFIDENTIAL

My dear Judge Pivarnik:

By letter dated August 3, 1972, from Mr. Everitt, I first learned on August 9, 1972, that the case styled *Scott v. Moody*, 72 PSC 942, had been venued to Porter Circuit Court on May 18, 1972. The record reflects my appearance in the Scott Circuit Court. The record reflects that I was not notified when the case was transferred out of Scott Circuit Court, and the record reflects that I was not notified as to the name of the court to which the cause had been transferred. The record indicates that plaintiff appeared in your court by correspondence only, and that no part of the damages is supported by oath or affirmation, even though the order of July 7 does recite that the Court heard the evidence and was duly advised in the premises. On June 5, 1972, you acknowledge my status as a member of the bar of this court, *Moody v. Moody*, 72 PSC 619. The *Scott v. Moody* record also reflects that Mr. Everitt mailed a motion for judgment by default, dated July 3, 1972, and that you entered judgment by default on July 7, 1972. I conversed with you on July 6; no reference was made to the fact that there was the *Scott v. Moody* matter pending before you at that time. Your usual practice of date stamping incoming motions was not followed in this case; I cannot state that at the time of our conversation of the 6th, you knew that Mr. Everitt's motion for judgment by default was pending.

Attention is invited to Trial Rule 55 B, in relevant part as follows:

If the party against whom judgment by default is sought has appeared in the action, he . . . shall be served with written notice of the application for judgment at least three days prior to the hearing of the application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such reference as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required.

Before publicly attacking your honor, integrity and intelligence, I wish to consider any private explanation you may

care to offer. It is hoped that you will see fit to vacate the judgment on your own motion.

With all due respect, I remain yours very truly,

> (signed) Glenn R. Moody, Jr.
> Glenn R. Moody, Jr.

August 10, 1972

The above communication appears to be aimed clearly at improperly influencing a judge in a pending case. It constitutes conduct prejudicial to the administration of justice which adversely reflects on Respondent's fitness to practice law. Accordingly, we now find that Respondent engaged in professional misconduct as charged under Count III of the complaint.

The assertion of professional misconduct alleged under Count IV generally parallel the allegations and findings set out in the prior counts. Again, Respondent is charged with violating Disciplinary Rules 1–102(A)(5) and (6). Additionally, Respondent is charged with, while appearing before a tribunal, engaging in undignified or discourteous conduct and intentionally violating an established rule of procedure or evidence in violation of Disciplinary Rules 7–106(C)(6) and (7).

Upon examination of the matters submitted relative to this charge, we now find that on September 21, 1973, the State of Indiana, by its local counsel, Richard Anderson, brought suit against the Respondent for failure to pay $46.50 in unpaid personal income tax due the State of Indiana. The matter was filed in the Porter Superior Court, Valparaiso, Indiana, under Cause No. 73 PSC 1561 before Judge Alfred J. Pivarnik as the presiding judge.

On October 16, 1973, the Respondent moved to have the venue of the cause changed to LaPorte County, Indiana. The matter was set to be heard on November 9, 1973, at which time the Respondent failed to appear and the motion was denied. On January 8, 1974, the Respondent, pro se, renewed his motion for change of venue.

He did this by filing a new motion. The Respondent asserted bias and prejudice as grounds for said change and included the following language in his motion:

> Defendant would further respectfully suggest to this court that he has several defenses to the complaint, but will not waste his time and typewriter ribbon in presenting such defenses to any incumbent of this court or to any special judge to be selected from a panel named by one of the incumbents of this court.

On January 14, 1974, the cause came to trial. The Respondent failed to appear resulting in a default judgment being taken against him. On that same date, the State filed its petition for Proceedings Supplemental to Execution.

Said proceedings were set for hearing, the hearing date being February 13, 1974. The Respondent was duly served on January 22, 1974. On February 13, 1974, the Respondent failed to appear and as a result a bench warrant was issued for his arrest with a cash bond set at one hundred dollars. The hearing was reset for March 8, 1947, but Respondent again failed to appear and another bench warrant was issued for his arrest.

This Court now finds that the acts of Respondent constitute misconduct as alleged in the complaint.

Under Count V, which relates to the bench warrants noted under Count IV, Respondent is charged with filing a lawsuit to harass or maliciously injure another, advancing an unwarranted claim and engaging in conduct prejudicial to the administration of justice which adversely reflects on his fitness to practice law, in violation, respectively of Disciplinary Rules 7–102(A)(1) and (2) and 1–102(A)(5) and (6).

Relative to Count V, we now find that while the tax litigation, the subject matter of Count IV above, was pending and as a result of the several bench warrants issued in said litigation, the Respondent filed a Complaint for Damages alleging false ar-

rest and naming as co-defendants the following parties:

The State of Indiana

The Honorable A. J. Pivarnik

Myrick Crampton (Porter County Sheriff)

Richard L. Anderson

Rodger L. Nickell (LaPorte County Sheriff)

The cause was filed in the Porter Circuit Court and captioned, *Glenn P. Moody, Jr. vs. Alfred J. Pivarnik, et al.*, Cause Number 74–PCC–9. Judge Pivarnik disqualified himself and the Honorable Judge Marvin D. McLaughlin was appointed by the Supreme Court as special judge in the matter. On June 26, 1974, the Court granted defendant Nickell's Motion for Summary Judgment. On March 14, 1975, the Respondent filed a Motion to Disqualify the Special Judge.

On March 21, 1975, The Court convened for oral argument on the following matters:

1. Plaintiff's (Moody) Motion to Disqualify Judge.

2. Motion to Dismiss Defendant Pivarnik.

3. Motion for Summary Judgment filed by Defendant Crampton.

4. Motion to Dismiss Defendant Anderson.

5. Defendant Anderson's Motion to Compel Discovery.

The Respondent was notified of this hearing on March 6, 1975, yet, he failed to appear. In his absence, motions one and four above were overruled. The remainder of the above motions were granted. The Court, in granting the motion to compel discovery, ordered the taking of a deposition. On April 8, 1975, the Respondent received notice of this order by registered mail. The Respondent failed to appear at the deposition. As a result, defendant Anderson filed a Trial Rule 37(B) motion. This latter motion was set for hearing June 20, 1975. On that date, plaintiff Moody was asked to respond to the motion. His argument consisted of telling the Court he "had

nothing to say as everything was futile." The Court granted defendant's motion and dismissed the complaint as to defendant Anderson.

On July 11, 1975, the State of Indiana's Motion to Dismiss was overruled. Since that time, this cause has remained dormant. No further action has been taken by Plaintiff Moody, and the Attorney General's Office has received no notice as to further proceedings in this matter.

From the foregoing findings we now find that Respondent filed the lawsuit when he knew that his action would merely serve to harass and maliciously injure others, engaged in conduct prejudicial to the administration of justice, which adversely reflects on his fitness to practice law, and, by filing a lawsuit against a judge for conduct occurring in the performance of his judicial capacity, advanced a claim which is unwarranted under existing law. This conduct is violative of the *Code of Professional Responsibility* as charged under Count V of the complaint.

Under the last Count of the Complaint filed in this cause, Count VI, Respondent is charged with improperly communicating with a party he knew to be represented by an attorney, engaging in a course of conduct designed to injure other parties and officers of the court, and engaging in conduct prejudicial to the administration of justice which adversely reflects on his fitness to practice law, in violation of Disciplinary Rules 7–104(A)(1), 7–101(A)(1), and 1–102(A)(5) and (6) of the *Code of Professional Responsibility.*

Relative to Count VI of the Verified Complaint, this Court now finds that on June 18, 1975, a lawsuit was filed by Portage National Bank against Robert P. and Joy Ann Skaggs d/b/a Aero Space Engineering. The action was filed in Porter Superior Court under Cause No. 75 PSC 1233. The complaint was in two parts and sought payment on two past due notes. The lawsuit proceeded with the Skaggs being represented pro se. Almost immediate-

ly after the suit was filed, the Plaintiff sought to replevy certain secured items. At this point, Judge Nixon, presiding judge in the cause, notified all parties that due to a crowded docket, the cause was being transferred on his motion to Porter Circuit Court and its presiding judge, Judge Pivarnik.

On July 7, 1975, while this matter was pending, Judge Pivarnik was having lunch with several attorneys at a local restaurant in downtown Valparaiso, Indiana. Respondent approached the Judge and said to the Judge, "Prince Alfred, you are stupid and dishonest". This remark was made in a loud and threatening manner resulting in the owner of the restaurant physically removing the Respondent from the premises.

On July 24, 1975, the Respondent entered his appearance in 75 PSC 1233 on behalf of Mr. and Mrs. Skaggs. Between July 25, 1975, and August 11, 1975, during the course of his representation of the Skaggs, the Respondent personally contacted Portage National Bank, the plaintiff, with full knowledge that the bank was being represented by counsel, Richard Anderson. This contact was made while Anderson was on vacation; however, the Respondent had been given the name and address of "substitute counsel" by Anderson. The Respondent telephoned John Lear, President of the Portage National Bank, and demanded he withdraw the bank from the case and dismiss Anderson, threatening a suit against Lear personally as a defendant. Further, the Respondent visited Lear at the bank and made similar statements.

On July 29, 1975, the Respondent filed a "Motion to Strike Pleading, styled 'Order of Court, Jul. 29, 1975'" with the Porter Circuit Court under the aforementioned cause of 75 PSC 1233. This cause was captioned *Portage National Bank v. Skaggs d/b/a Aero Engineering.* The Respondent disregarded this caption and styled the following to head his Motion to Strike: *Alfred J. Pivarnik v. Glenn R. Moody, Jr.*

On August 13, 1975, while still engaged by Mr. and Mrs. Skaggs, the Respondent filed an action based upon 42 U.S.C. § 1983, in the United States District Court for the Northern District of Indiana under Cause No. 75 H 173. The complaint was captioned, *Aero Engineering, Inc., Robert D. Skaggs and Joy Ann Skaggs, Plaintiffs versus Alfred J. Pivarnik, Richard L. Anderson, Portage National Bank, Jack J. Bradshaw (Porter C. Sheriff), Defendants.*

The suit requested the return of goods replevied by Portage National Bank under the aforementioned 75 PSC 1233, as well as damages in the amount of $15,000.00. Among other things, the complaint alleged that the defendants had conspired to steal and did steal personal property belonging to the plaintiffs. In support of his Motion for Preliminary Injunction, Respondent submitted an affidavit which, in part, stated that Judge Pivarnik had pursued a personal vendetta against Respondent for four or more years; that defendants Bradshaw, by H. Highland, the Portage National Bank by Richard Anderson and John Lear stole plaintiff's equipment at gunpoint and that the equipment was being held as ransom.

The action was dismissed by the United States District Court, Northern District of Indiana, and was appealed by plaintiffs to the United States Court of Appeals, Seventh Circuit. On October 4, 1976, the Court ordered the appeal dismissed.

In view of the foregoing findings, we conclude that Respondent has engaged in misconduct as set forth under Count VI of the Verified Complaint.

It now becomes the duty of this Court to determine an appropriate disciplinary sanction, taking into account the specific acts of misconduct, this Court's responsibility to preserve the integrity of the Bar, and the risk, if any, to which we will subject the public by permitting the Respondent to continue in the profession or be reinstated at some future date. *In re Crumpacker,* (1978) 269 Ind. 630, 383 N.E.2d 36; *In re Vincent,* (1978) 268 Ind. 101, 374 N.E.2d 40; *In re Tabak,* (1977) 266 Ind. 271, 362 N.E.2d 475.

The findings in this case, unfortunately, demonstrate an abandonment by Respondent of all standards of professional responsibility. We observe a clear pattern of conduct establishing disregard of and disrespect toward the laws of the state, the procedures of the courts, and the officers of the judiciary. Respondent's ire toward members of the judiciary led to the injury of his clients and created a senseless impediment to the administration of justice.

The conduct of Respondent cannot be condoned in the slightest degree if we are to preserve the integrity of the legal profession. Accordingly, this Court now concludes that the strongest sanction available under the Constitution of the State of Indiana should be imposed. It is therefore ordered that, by reason of the misconduct found in this cause, the Respondent be, and he hereby is disbarred as an attorney in the State of Indiana.

Costs of these proceedings are assessed against the Respondent.

PIVARNIK, J., not participating.