**In the Matter of Kevin B. RELPHORDE.**

**No. 45S00–9009–DI–592.**

Supreme Court of Indiana.

July 30, 1992.

Thomas W. Vanes, Merrillville, for respondent.

Jeffrey D. Todd, Acting Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

### DISCIPLINARY ACTION

PER CURIAM.

The Disciplinary Commission of the Supreme Court charged the Respondent, Kevin B. Relphorde, with violations of the *Rules of Professional Conduct for Attorneys at Law* arising from his court-appointed representation of a criminal defendant in the Lake County Superior Court. The Disciplinary Commission alleged that Respondent collected a fee for his representation of the defendant after he had been appointed to represent the defendant as an indigent.

The parties have submitted a Statement of Circumstances and Conditional Agreement for Discipline on the basis of which we find that Respondent is now and was at all relevant times an attorney in good standing in Indiana. We find that on or about February 4, 1988, Respondent was appointed by the Lake Superior Court to represent George A. Finney (Finney) who had been charged with a Class B felony. At the time of his appointment, Respondent was acting as an attorney for the Office of the Public Defender, Superior Court of Lake County, Criminal Division. During the course of his representation of Finney, Respondent negotiated and entered into a fee agreement with his client. In furtherance of this agreement, Respondent received the sum of One Thousand Eight Hundred Dollars ($1,800.00). As a mitigating factor, the parties agree and we find that the Respondent has refunded the entire fee to his client.

Respondent has admitted that he engaged in professional misconduct. We find specifically that he violated Rule 1.11(c)(2) of the *Rules of Professional Conduct for Attorneys at Law* by negotiating for private employment in a matter in which he was participating as a public employee or officer. We find further that the agreed sanction, a public reprimand is appropriate. Accordingly, we accept the Conditional Agreement. It is, therefore, ordered that Respondent, Kevin B. Relphorde, is reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.