## In the Matter of Kevin B. RELPHORDE.

### No. 45S00–9402–DI–173.

Supreme Court of Indiana.

Dec. 29, 1994.

Kevin B. Relphorde, pro se.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Atty., Indianapolis, for The Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent in this case, Kevin B. Relphorde, has been charged by the Disciplinary Commission of this Court in a two-count complaint with various violations of the *Rules of Professional Conduct for Attorneys at Law.* The matter is now before this Court on a "Conditional Agreement for Discipline" tendered by the parties pursuant to Ind. Admission and Discipline Rule 23(11)(g). Additionally, Respondent has filed an affidavit as set forth in Admis.Disc.R. 23(17)(a). This Court accepts the agreement tendered by the parties, finds professional misconduct, and approves the requested discipline as set forth more fully in the following opinion.

### Count I

Under Count I, Respondent has been charged with failing to disclose a material fact to a tribunal; failing to make a reasonably diligent effort to comply with a legally proper discovery request; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and engaging in conduct prejudicial to the administration of justice. Specifically, under Count I, Respondent has been charged with violating Ind.Professional Conduct Rules 3.3(a), 3.4(d), 8.4(c) and 8.4(d). The alleged professional misconduct involves Respondent's activities in opposing an adverse judgment against him.

Based on the conditional agreement, this Court now finds that on February 19, 1992, the Jasper Superior Court entered judgment against the Respondent for the sum of $1,200.00 in favor of the grievant. On April 13, 1992, the grievant filed a petition for Proceeding Supplemental and on June 2, 1992, served a set of interrogatories on Respondent by certified mail. The interrogatories were received by Respondent on June 4, 1992, and he filed his answers with the Jasper Superior Court on July 10, 1992. Respondent's answers failed to provide, as requested, information about his law practice, including earnings; compensation for public defender services; bank accounts; and motor vehicle ownership. In most of his answers, Respondent merely noted "N/A."

On August 19, 1992, the grievant filed a motion for a *Subpoena Duces Tecum* with the court requesting an order for Respondent to produce or have in his possession various documents at a Proceeding Supplemental hearing. The court granted the grievant's motion and held the requested hearing on September 29, 1992. Respondent did not comply with the *Subpoena Duces Tecum* order. The court required Respondent to answer under oath about the requested information and to fully comply with the *Subpoena Duces Tecum* within seven (7) days. On October 8, 1992, almost two months later, Respondent filed a copy of his car title and registration with the court. On December 30, 1992, the court ordered that Respondent's car be attached. On February 24, 1993, the grievant received a check in the amount of $1,200.00 from the Jasper Circuit Court in the above-noted case.

In light of the above findings, this Court now concludes that Respondent engaged in a pattern of delay and guile in his effort to frustrate the payment of a lawful obligation. His subterfuge included misstatements in interrogatories, inordinately prolonged responses to discovery motions, and recalcitrance in the face of judicial authority. Respondent's acts unduly impeded the orderly resolution of litigation. Accordingly, this Court now finds that Respondent engaged in professional misconduct and violated the *Rules of Professional Conduct* as charged under Count I of the complaint filed in this case.

## Count II

The charges in Court emanate from Respondent's representation of a defendant in an appeal to the Indiana Court of Appeals of a criminal conviction. Respondent has been charged with failing to act with reasonable diligence, in violation of Prof.Cond.R. 1.3; and failing to keep his client reasonably informed, in violation of Prof.Cond.R. 1.4(a) of the *Rules of Professional Conduct.*

Accepting the conditional agreement for discipline, we now find that on March 12, 1992, Respondent entered his appearance in the Indiana Court of Appeals on behalf of a person convicted of attempted murder in the Lake Superior Court. On September 24, 1992, the Indiana Court of Appeals affirmed the judgment of conviction and sentence imposed below. Under Appellate Rule 11, the appellant had twenty (20) days to petition for rehearing in the Court of Appeals or transfer to the Indiana Supreme Court. Respondent wrote his client on December 7, 1992, and advised him of the decision of the Court of Appeals.

Although Respondent was not under an obligation to petition for rehearing or transfer, Respondent owed his client the duty of promptly advising of the decision of the Court of Appeals and the alternatives then available. Respondent's tardy communication in this regard violated the disciplinary rules as charged under Count II.

The parties have agreed that the appropriate discipline in this case is the suspension from the practice of law for sixty (60) days with automatic reinstatement upon completion of the period of suspension. In our determination of punishment, we note that Respondent previously has been reprimanded by this Court. *In re Relphorde* (1992), Ind., 596 N.E.2d 903. Also, this Court has considered, as mitigation, Respondent's remorse and record of service to the profession. The *American Bar Association, Standards for Imposing Lawyer Sanctions,* Standard 4.42 provides that suspension is generally appropriate when a lawyer engages in a pattern of neglect and causes injury or potential injury to a client. Respondent's acts as set forth in the agreement tendered by the parties falls into this class of case. The agreed discipline is accepted.

Accordingly, it is hereby ordered that, by reason of the misconduct and violations of the *Rules of Professional Conduct* set forth in this case, the Respondent, Kevin B. Relphorde, is hereby suspended from the practice of law for a period of sixty (60) days beginning January 30, 1995. Upon completion of such period of suspension, the Respondent shall be automatically reinstated subject to Admis.Disc.R. 23(4)(c).

Costs of this proceeding are assessed against the Respondent.