**In the Matter of Dean E. RICHARDS.**

No. 49S00–9606–DI–444.

Supreme Court of Indiana.

Oct. 1, 2001.

Kevin McGoff, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Today we find that attorney Dean E. Richards fabricated evidence and deceived tribunals while representing various parties. Disciplinary charges predicated on these transgressions are now before this Court for final resolution.

Specifically, this matter is before us upon the duly-appointed hearing officer's findings of fact and conclusions of law. Because neither the Commission nor the respondent has petitioned this Court for review of the hearing officer's report pursuant to Ind.Admission and Discipline Rule 23(15), we accept the findings but

reserve final judgment as to misconduct and sanction. *Matter of Grimm,* 674 N.E.2d 551 (Ind.1996). The respondent has been suspended from the practice of law *pendente lite* since January 31, 2000, upon the Commission's *Motion for Suspension Pending Prosecution* and the hearing officer's finding thereon.[1]

As to Count I, the parties stipulate and we so find that the respondent represented a client in a variety of lawsuits stemming from the client's involvement in the ownership of a motel. While representing his client in one of the lawsuits, the respondent filed an affidavit in Madison Superior Court II which provided that Mr. Cook sold his ½ interest in the hotel to the respondent's client, that his client now owned a ½ interest in the hotel, and that Mr. Sourwine owned the other ½ interest. The affidavit provided further that the Madison Superior Court II had already ruled that the respondent's client enjoyed ownership of the hotel per a judgment of the court. In fact, the Madison Superior Court II had not determined that the client purchased a ½ interest in the hotel. The respondent knew the statements in the affidavit were false. The respondent reiterated the false statements in arguments before the trial court. After the adverse party filed a counterclaim against the respondent's clients, the respondent filed a counter-complaint for racketeering activities, but failed to consult with his client prior to filing the action. The trial court granted the adverse party's motion for summary judgment, which the respondent appealed, again without his client's knowledge or consent.

Professional Conduct Rule 3.1 states, *inter alia,* that a lawyer shall not assert an issue in a proceeding unless there is a basis for doing so that is not frivolous. By

---

1. Ind.Admission and Discipline Rule 23(11.1).

submitting affidavits to the Madison Superior Court II which contained assertions that the respondent knew to be false, he violated the rule. Rule 3.3(a)(1), (2), and (4), respectively, provide that a lawyer shall not knowingly make a false statement of material fact to a tribunal, fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a fraudulent act against a tribunal by a client, or offer evidence that the lawyer knows to be false. Rule 8.4(c) proscribes lawyer conduct involving dishonesty, fraud, deceit, and misrepresentation. Rule 8.4(d) proscribes conduct that is prejudicial to the administration of justice. His submission of the affidavits violated these rules.

The hearing officer found no misconduct as to Count II dealing with the handling of client funds, and we accept that conclusion.

Under Count III, the parties stipulate that the respondent represented plaintiffs in a federal lawsuit. The defendants scheduled a deposition of one of the plaintiffs on April 13, 1993, at 9:00 am in the offices of an Indianapolis law firm. The respondent's paralegal drove him to the site of the deposition, dropped him off, and thereafter waited in the car. After the respondent returned, they went to the federal district court office to see if the deposition had been continued. The respondent later formally asked the district court to award him attorney fees because he had shown up for the deposition only to find the defendant's attorneys not present. At hearing of the attorney fee issue before a federal magistrate, the respondent testified that he had not received notice that the defendants' lawyers would be unable to attend the deposition, and that he had appeared at the scheduled site of the deposition at 9:30 am on April 13 prepared to proceed. In fact, the defendant's counsel had telephoned the respondent's office on April 12, 1993, and had advised that he would be unable to attend the deposition. Counsel that day also sent a letter via facsimile transmission to the respondent's office confirming the deposition's cancellation. Further, counsel and two receptionists testified that they were at the office where the cancelled deposition was to have occurred during relevant times and never observed the respondent arriving for the deposition. Despite those facts, the respondent testified at the attorney fee hearing that he entered the office and spoke with a receptionist, who told him the defendant's attorneys were not present.

By testifying falsely before a federal magistrate that he entered the office for the deposition only to learn, for the first time, that the deposition was cancelled, the respondent violated Prof.Cond.R. 3.3(a)(1) and Prof.Cond.R. 8.4(c). His actions were prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d).

Pursuant to Count IV, we find that, while representing the plaintiffs in a lawsuit, the respondent offered into evidence a bank sale prospectus purportedly prepared by a financial services company. In fact, the document had been manufactured by the respondent and an employee under his direction one evening during the trial in order to "cure" a problem with the testimony of one of the witnesses in the case.

By submitting into evidence during trial the falsified document, the respondent violated Prof.Cond.R. 3.3(a)(1), (2), and (4). That action also violated Prof.Cond.R. 3.4(b), which provides that a lawyer shall not falsify evidence. His actions involved dishonesty, fraud, deceit, and misrepresentation in violation of Prof.Cond.R. 8.4(c), and were prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d).

Pursuant to Count V, we now find that the respondent, as co-counsel, represented

a client before the Seventh Circuit Court of Appeals on an appeal of an adverse ruling against the client. The court affirmed the lower district court's decision and ordered the respondent's client to show cause by July 28, 1995, why the opposing party should not be awarded attorneys fee and costs. On July 28, 1995, a motion for extension of time was filed on the client's behalf. The motion alleged that the respondent "had been ill for the past two weeks and [was] unable to complete the Rule to Show Cause Response." Attached to the motion was a letter signed by a physician confirming the illness. The physician was the respondent's client in another case. Billing statements reflected that the respondent had worked on the physician's case an average of 11.79 hours per day during the ten days prior to July 27, 1995. At hearing of this disciplinary matter, the respondent denied signing both the motion and the letter.

The Seventh Circuit granted the request for extension, until August 11, 1995. On August 17, an emergency motion for extension of time was filed on client's behalf, asking for another extension until August 31, 1995, to respond. Again, the court granted to motion, and ultimately a response was filed on the client's behalf.

The respondent also represented another client in an appeal pending before the Indiana Court of Appeals. On July 31, 1995, a motion for enlargement of time to file a brief was filed on behalf of the client. The respondent was the signatory on the motion, and attached to the motion was the physician's letter attesting to the respondent's illness. Also attached was an affidavit, which stated in relevant part: "Dean E. Richards has been ill and has not been able to finish the Brief as shown in the attached physician's statement." The court granted the motion, permitted an extension until August 14, 1995. On Au-

gust 22, a second motion for extension was filed in behalf of the client, again with the respondent as its signatory and with the physician's letter attached. An affidavit attached to that request stated that "Dean E. Richards was acutely ill for two weeks prior to July 27, 1995." The court again granted the motion, giving the respondent until August 29, 1995, to file the brief. On August 29, 1995, the respondent filed the brief.

On July 28, 1995, a letter was sent to the Disciplinary Commission requesting an extension of time to respond to a disciplinary grievance. The reason for the request was the respondent's illness. The letter was printed on the respondent's legal stationary and was signed by the respondent. In fact, the respondent was not ill as he had claimed in these various petitions and letters.

By making false statements to tribunals about his health and ability to work in order to obtain extensions of time, the respondent violated Prof.Cond.R. 3.3(a)(1), 8.4(c), and 8.4(d).

Having found misconduct, we now turn to the issue of appropriate sanction. The hearing officer has recommended the respondent's disbarment.

The accuracy of documents and instruments utilized before a tribunal in proceeding is of utmost importance to the administration of justice, and fraudulent alteration of such documents by officers of the court is therefore severe misconduct. *Matter of Siegel*, 708 N.E.2d 869 (Ind. 1999). We agree with the hearing officer that the respondent's pattern of intentional deceit of tribunals warrants disbarment, noting that this resolution is consistent with that imposed in similar cases of intentional and repetitive deceit of legal authorities and institutions. *See, e.g., Matter of Moody*, 428 N.E.2d 1257 (Ind.1981) (disregard of, and disrespect toward, laws of state, procedures of courts and officers of

judiciary, leading to injury of clients and creating impediment to administration of justice, warrants disbarment); *Matter of McDaniel,* 470 N.E.2d 1327 (Ind.1984) (misrepresenting underlying circumstances of events being investigated by police to police and continuing misrepresentations under oath before grand jury, soliciting personal retainer fee, and deceiving Social Security Administration, banks, and Internal Revenue Service through a "ghost employee" scheme warrants disbarment.)

It is, therefore, ordered that Dean E. Richards is hereby disbarred. The Clerk of this Court is directed to strike his name from the Roll of Attorneys.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.