**In the Matter of Kenneth W. DAVIDSON.**

**No. 45S00–0009–DI–558.**

Supreme Court of Indiana.

Jan. 30, 2002.

No appearance, for the Respondent.

Donald R. Lundberg, Executive Secretary, Seth T. Pruden, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Today we find that lawyer Kenneth Davidson's repeated criminal acts, coupled with the abandonment of his law practice without regard for the interests of his clients, warrants his permanent disbarment from the practice of law.

The Commission instituted this attorney disciplinary action with the filing of a three-count verified complaint for disciplinary action. A hearing officer appointed by this Court heard evidence on the compliant at a hearing that the respondent failed to attend. This case is now before us for final resolution upon the hearing officer's findings of fact and conclusions of law. Where neither the Commission nor the respondent petitions this Court for review of those findings, as they are permitted to do under Ind.Admission and Discipline Rule 23(15), we adopt the hearing officer's factual findings while reserving final judgment as to misconduct and sanction. *Matter of Campbell,* 702 N.E.2d 692 (Ind.1998).

The respondent was admitted to the Bar of this state in 1990. Under Count I, we

now find that on September 15, 1995, the respondent stopped his vehicle in Hammond, Indiana to tell two policemen that he had been in an accident with another driver. The officers, suspecting the respondent was intoxicated, attempted an arrest. The respondent physically assaulted the officers, refused to be handcuffed, threatened to spit on them, shoved them against their car, and attempted to get back into his vehicle. The respondent also threatened to shoot the officers and claimed to have influence over the police department by virtue of his friendship with a particular judge. The officers handcuffed the respondent and transported him to jail.

By September 21, 1995, the respondent had been charged with public intoxication, resisting law enforcement, intimidation, battery on a police officer, and possession of paraphernalia, all misdemeanors. The respondent failed to appear at his initial hearing, resulting in a bench warrant being issued. He surrendered to the court a month later and the warrant was recalled. He failed to appear at his guilty plea hearing on April 30, 1996, resulting in the issuance of another arrest warrant. The respondent surrendered two months later, the warrant was recalled, and the respondent entered a plea agreement on May 30, 1997. He failed to abide by the agreed terms of the plea, prompting the court to issue an order to appear, which the respondent failed to obey. A third arrest warrant was issued. On March 24, 2000, the respondent was arrested in Porter County and charged with driving with a suspended license, a class A misdemeanor. Police arrested him again on an identical

charge on July 16, 2000. He ultimately pled guilty to both charges.

■ We find that the respondent committed criminal acts which reflect adversely on his honesty, trustworthiness, and fitness as an attorney in other respects, in violation of Ind.Professional Conduct Rule 8.4(b).[1] By failing to appear in court on three different occasions in his own criminal prosecutions, the respondent engaged in conduct prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d). By stating that he wielded influence over the Hammond Police Department due to his friendship with a judge, the respondent violated Prof.Cond.R. 8.4(e) by stating an ability to influence improperly a government agency or official.

Under Count II, we now find that on September 7, 1995, the judge of the Porter Superior Court ordered the respondent and his client to appear on October 3, 1995 for a sentencing hearing. The respondent failed to appear on October 3. The client reported that she had been unable to contact the respondent prior to the hearing. The respondent's office telephone had been disconnected and his home phone number changed to an unpublished number.

By failing to appear at his client's sentencing hearing, the respondent did not act with reasonable diligence and promptness during his representation of the client, in violation of Prof.Cond.R. 1.3. By failing to respond to her reasonable requests for information regarding her case or to keep her reasonably informed about the status of her case, he violated Prof.Cond.R. 1.4(a).

---

1. *See, e.g., Matter of McClure,* 652 N.E.2d 863 (Ind.1995) (offenses involving violence represent conduct that indicates a lack of characteristics relevant to the practice of law); *Matter of Martenet,* 674 N.E.2d 549 (Ind.1996) (general indifference to legal standards of conduct violated Prof.Cond.R. 8.4(b)).

Pursuant to Count III, we find that a client hired the respondent in November 1992 to represent her in two civil suits, paying the respondent a retainer of $700. The respondent thereafter closed his law practice without notifying the client and without taking any action on her behalf.

We find that his actions under Count III violate Prof.Cond.R. 1.3 and 1.4(a). Further, by failing to refund the client's retainer, the respondent violated Prof. Cond.R. 1.16(d), which requires lawyers, to the extent reasonably practicable, to protect a client's interests upon termination of representation.

In aggravation of the respondent's acts, the hearing officer found that Indiana Bureau of Motor Vehicle records reveal that between 1992 and 2000, the BMV sent to the respondent 15 notices that his license was suspended. Those records further indicate that the respondent failed to appear for his own court hearings in traffic cases at least five times between 1987 and 1993.

The respondent's serious and persistent criminal behavior and his sudden abandonment of his law practice without regard to his clients clearly demonstrates that he is unfit to continue to serve as an officer of this Court. This determination is consistent with that found in cases of similar attorney misconduct. *Matter of DeArmond,* 620 N.E.2d 698 (Ind.1993) (disbarment for improper withdrawal of representation, misdemeanor battery of estranged spouse, and felony battery of mother); *Matter of Moody,* 428 N.E.2d 1257 (Ind. 1981) (disregard of the laws of the state, court procedures and judicial officers leading to client injury and impediment of the administration of justice warrants disbarment). Accordingly, we find that the respondent, Kenneth W. Davidson, should be disbarred. The Clerk is directed to strike his name from the Roll of Attorneys.

The Clerk of this Court is further directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.