**In the Matter of Scott I. RICHARDSON.**

No. 49S00–0203–DI–174.

Supreme Court of Indiana.

Aug. 8, 2003.

Kevin McGoff, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Fredrick Rice, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

**DISCIPLINARY ACTION**

PER CURIAM.

We find today that by continuing to prosecute a lawsuit in order to burden a third party and by falsely answering interrogatories in order to conceal his own assets, the respondent violated the *Rules of Professional Conduct* and should be suspended from the practice of law.

This case commenced upon the Disciplinary Commission's verified complaint for disciplinary action against respondent Scott I. Richardson. The matter proceeded to hearing before a hearing officer appointed by this Court. The hearing officer conducted a full evidentiary hearing and has now tendered to this Court his findings and conclusions. The matter is now before us for final resolution.

The respondent was admitted in 1992 and practices in Indianapolis. In 1994, the respondent moved into his girlfriend's house. He stored several items in her garage, including a desk and credenza, some scuba gear, and some miscellaneous

clothing. In January 1995, upon moving out of the house, the respondent left behind the desk, credenza, scuba gear, and clothing. On several occasions during the subsequent months, the girlfriend asked the respondent when he would remove the belongings. The respondent gave no definite answer.

The girlfriend later told the respondent that she had decided to sell her home. Shortly thereafter, she advised the respondent that she never wanted to see him again. In January 1996, in anticipation of moving and assuming, by his lack of action, that the respondent had abandoned the items he left in her garage, the now-former girlfriend gave the desk and credenza to a friend and gave the clothing to her mother for sale in a garage sale. After the former girlfriend moved, she placed various items into storage. She was unaware the scuba gear was among the items she placed in storage.

In October 1996, the respondent sent the former girlfriend a certified letter threatening further action if she did not immediately assure him that his belongings were available for him to pick up. By letter, she advised the respondent that she considered the items abandoned, given that the respondent knew she was moving and ignored her earlier pleas to retrieve his belongings. In July 1997, without further communication with the former girlfriend, the respondent filed a complaint alleging conversion of his property (to which he attached an inflated estimated value of $8,000) and seeking treble damages of $24,000, as well as attorney fees. The respondent obtained a default judgment for $8,100. After obtaining counsel, the girlfriend later managed to have that judgment set aside, and filed a counter-

claim for, *inter alia*, abuse of process. She also demanded a jury trial. The respondent represented himself during the proceedings.

During the fall of 1998, the former girlfriend attempted unsuccessfully to settle the matter, offering to return the items if the respondent agreed to dismiss the lawsuit. In early 1999, the former girlfriend actually returned all the items to the respondent, save for clothing that had been sold in the garage sale. The respondent still refused to agree to dismiss the lawsuit.

During pre-trial proceedings, the trial court judge advised the respondent that he did not feel the respondent had a strong claim. The matter proceeded through jury trial. The former girlfriend's attorney moved for judgment on the evidence at the conclusion of the respondent's evidence, but the court denied that motion. Ultimately, the jury found against the respondent and found for the former girlfriend on her abuse of process claim.[1] The jury awarded her $1 as damages and $7,400 for attorney fees. Thereafter, the respondent filed a motion to correct errors, which was denied. He appealed the denial to the Indiana Court of Appeals, which affirmed the jury verdict and ordered the respondent to pay the former girlfriend's appellate attorney fees, later determined to be about $7,000. During proceedings supplemental in execution of the judgment, the former girlfriend propounded interrogatories to the respondent. One question asked:

> Do you own any interest in any company(s) or corporation(s) or own any stocks, bonds, mutual funds, CD's, or have any other investments? If so, give

---

1. The judgment provided: "It is further ordered that Plaintiff, Scott Richardson, has abused the legal process by intentionally causing legal process to be issued against the Defendant ... to achieve an end not intended by law."

the name of each entity you invest with, the number of shares (if applicable), the amount invested and the value of each investment as of April 6, 1999.

The respondent (under oath) answered "none," when in fact he (1) owned certain investments that he later sold for a $16,849 gain over basis and (2) he was the president and sole shareholder of an entity doing business as Indiana Real Estate, Inc.

The Commission alleged that the respondent violated Ind.Professional Conduct Rule 4.4, which prohibits lawyers, during the course of a representation, from using means that have no substantial purpose other than to embarrass, delay, or burden a third person, for "pressing his lawsuit against [the former girlfriend] primarily for the purpose of harassing [her]." The Commission also charged the respondent with violating Prof.Cond.R. 8.4(d), which prohibits lawyers from engaging in conduct that is prejudicial to the administration of justice, for his pursuit of the lawsuit. The Commission also charged the respondent with violating Prof.Cond.R. 8.4(c), which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation. The basis for that claim is the respondent's knowing false answers to the interrogatories.

The hearing officer found that, because the respondent's lawsuit proceeded to jury trial upon the former girlfriend's demand and because the claim survived pre-trial motions for disposition and a motion for judgment on the evidence, the Commission failed to meet its burden of proof as to Prof.Cond.R. 4.4 and 8.4(d). The hearing officer found that the respondent violated Prof.Cond.R. 8.4(c) by answering falsely the interrogatories. Neither party petitioned this Court for review of the hearing officer's findings. Where neither party pe-titions this Court for review, we accept and adopt the hearing officer's findings, but reserve final judgment as to misconduct and sanction. *Matter of Davidson,* 761 N.E.2d 854 (Ind.2002).

We find that the respondent violated Prof.Cond.R. 4.4 and 8.4(d), as well as Prof.Cond.R. 8.4(c). The former girlfriend, in good faith, attempted several times to ensure the respondent received his property. The respondent nonetheless filed a conversion claim against her. The justification and utility of the respondent's claim evaporated once the former girlfriend, after significant effort on her part, returned his property. Instead of agreeing to seek dismissal of his claim, the respondent continued to litigate the lawsuit, using almost all available procedural vehicles to prolong the litigation. His persistence in prosecuting the action served no legitimate purpose and served only to burden his former girlfriend. Accordingly, we find the respondent violated Prof. Cond.R. 4.4 and 8.4(d). Further, by knowingly providing false answers to her later interrogatories, the respondent violated Prof.Cond.R. 8.4(c). The respondent points out that, at the time he answered the interrogatories, the stock he concealed "had almost no value." That argument is without merit because the interrogatory question asked whether he owned any corporate interest, regardless of the significance of the interests' value.

We now turn to the issue of proper sanction. The hearing officer recommended a suspension of 30 days, but upon a Prof.Cond.R. 8.4(c) violation only. In his memorandum on sanction, the respondent would have us believe that a reprimand is appropriate in this instance. He cites opinions of this Court where attorneys who improperly notarized documents or otherwise misled courts or third parties and

were reprimanded.[2] These cases are distinguishable from the present case because they arose from incidents where lawyers engaged in various deceptions to avoid client harm, inconvenience, or delay, or, at worst, from misguided efforts to obtain an advantage for a client. While not diminishing the gravity of the misconduct in the cases cited by the respondent, we view the respondent's acts as more serious. The respondent chose to abuse the legal process, which ultimately led to the imposition of attorney fees against him. He then deceived the adverse party in order to shield his own assets from judgment collection after imposition of attorney fees. In another instance where an attorney untruthfully answered interrogatories, this Court imposed a 60–day suspension pursuant to agreed resolution. *Matter of Relphorde*, 644 N.E.2d 874 (Ind.1994). Lawyers are specially situated so as to be uniquely able to inflict harm upon others. The respondent abused his position in doing so in this case, and we therefore find his actions warrant a period of suspension.

It is, therefore, ordered that the respondent, Scott I. Richardson, is hereby suspended from the practice of law for a period of ninety (90) days, beginning September 20, 2003, at the conclusion of which he shall be automatically reinstated to the practice of law.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d), to the hearing officer, and to the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state.

Costs of this proceeding are assessed against the respondent.

All Justices concur.

---

**2.** *See, e.g., Matter of Bridenhager,* 735 N.E.2d 1177 (Ind.2000) (public reprimand for lawyer who improperly notarized document on behalf of client); *Matter of Giannetto,* 781 N.E.2d 1138 (Ind.2003) (public reprimand pursuant to agreed resolution for lawyer who notarized client's signature in blank, then forwarded the papers for client's signature after the fact); *Matter of Mellinger,* 768 N.E.2d 431 (Ind.2002) (public reprimand for lawyer who changed two provisions of proposed settlement agreement that had already been signed by client, without notifying client).