**In the Matter of Kevin B. RELPHORDE, Respondent.**

No. 45S00–1001–DI–39.

Supreme Court of Indiana.

June 30, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent was appointed to represent a client as his public defender in a criminal matter. Not aware of this, the client's father asked Respondent to represent the client. Respondent accepted $1,000 from the client's father and continued to represent the client as a public defender. Respondent did not return the $1,000 to the client's father.

Respondent has a history of prior discipline, including the same type of misconduct involved in the current case. *See* *Matter of Relphorde,* 596 N.E.2d 903 (Ind. 1992) (agreed public reprimand for collecting fee for representing defendant after being appointed as pauper counsel); *Matter of Relphorde,* 644 N.E.2d 874 (Ind. 1994) (agreed 60–day suspension with automatic reinstatement for neglect and conduct involving dishonesty); *Matter of Relphorde,* 760 N.E.2d 172 (Ind.2001) (agreed 90–day suspension for neglect with automatic reinstatement conditioned on refund of $3,000 unearned retainer).

The parties cite the following additional facts in aggravation: (1) Respondent's misconduct demonstrates a dishonest and selfish motive; (2) the client was vulnerable and reliant on Respondent as a result of the client's incarceration; and (3) Respondent's admission to the bar in 1979, experience as a public defender since 1980, and prior discipline should have given him insight into the wrongfulness of his misconduct.

The parties cite the following facts in mitigation: The parties cite the following facts in mitigation: (1) Respondent was cooperative with the Commission; and (2) Respondent has made restitution by paying $1,000 to the client's father.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 1.11(d), which prohibits negotiating for private employment in a matter in which the lawyer was participating as a public employee or officer.

**Discipline:** The parties propose the appropriate discipline is a 180–day suspension without automatic reinstatement. The suspension the Court would impose for Respondent's misconduct would likely be considerably longer had this matter been submitted without an agreement, especially considering Respondent's disciplinary history. We note, however, that regardless of the date on which Respon-

dent is eligible to petition for reinstatement, reinstatement is discretionary and his petition would be granted only if he meets the most stringent requirements of proving by clear and convincing evidence that his rehabilitation is complete and he can safely reenter the legal profession. *See* Admis. Disc. R. 23(4)(b). With this in mind, and in light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 180 days, without automatic reinstatement, beginning August 5, 2011.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except SHEPARD, C.J., and DAVID, J., who dissent, believing the penalty is insufficient for the offense.